UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TRUSTEES OF THE I.U.O.E. LOCAL 478 ANNUITY FUND, TRUSTEES OF THE OPERATING ENGINEERS LOCAL 478 TRAINING AND SKILL IMPROVEMENT FUND, TRUSTEES OF THE I.U.O.E. LOCAL NO. 478 HEALTH BENEFITS FUND, TRUSTEES OF THE I.U.O.E. LOCAL 478 PENSION FUND, TRUSTEES OF THE I.U.O.E. LOCAL 478 SUPPLEMENTAL UNEMPLOYMENT BENEFITS FUND AND I.U.O.E. LOCAL UNION NO. 478<br><br>Plaintiffs,<br><br>vs.<br><br>CHEROKEE ENTERPRISES LLC, CHEROKEE DEWATERING AND ENVIRONMENTAL LLC, AND MICHAEL J. MAHAN, INDIVIDUALLY<br><br>Defendants. | Civil Action No.<br><br><br><br>October 2, 2019 |

## COMPLAINT

**PARTIES**

1. Plaintiffs Trustees of the I.U.O.E. Local 478 Annuity Fund, Operating Engineers Local 478 Training and Skill Improvement Fund, I.U.O.E. Local No. 478 Health Benefits Fund, I.U.O.E. Local 478 Pension Fund, and the I.U.O.E. Local 478 Supplemental Unemployment Benefits Fund (hereinafter referred to as the "Funds") are Trustees of multi-employer employee benefit plans as those terms are defined in Sections 3(3) and 3(37) of the Employee Retirement Income Security Act of 1974, (hereinafter referred to as "ERISA," 29 U.S.C. Sections 1002(3) and (37)). The Funds

1

are established and maintained by Restated Agreements and Declarations of Trust and by Collective Bargaining Agreements between the I.U.O.E. Local Union No. 478 and Defendant Cherokee Enterprises LLC (hereinafter referred to as "Cherokee Enterprises"), Defendant Cherokee Dewatering and Environmental LLC (hereinafter referred to as "Cherokee Dewatering") as well as other signatory contractors. The Funds are administered at 1965 Dixwell Avenue, Hamden, Connecticut 06514.

2. Plaintiff I.U.O.E. Local Union No. 478 (hereinafter referred to as the "Union") is a labor organization within the meaning of Section 2(5) of the National Labor Relations Act, 29 U.S.C. Section 152(5).

3. The Defendant, Cherokee Enterprises, was doing business under the laws of the State of Connecticut, with a business address of 30 Echo Lake Road, Watertown, CT 06795. Upon information and belief, Cherokee Enterprises is dissolved.

4. The Defendant, Cherokee Dewatering, is doing business under the laws of the State of Connecticut with a principal place of business of 30 Echo Lake Road, Watertown, CT 06795. Upon information and belief, Cherokee Dewatering shares this principal place of address with Cherokee Enterprises. Based upon its relationship with Cherokee Enterprises, Cherokee Dewatering shares a single employer and/or alter ago and/or double breasting relationship with Cherokee Enterprises and is acting as a successor company to Cherokee Enterprises.

5. The Defendant, Michael J. Mahan, is, upon information and belief, an individual who is an owner of both Cherokee Enterprises and Cherokee Dewatering.

## JURISDICTION AND VENUE

6. This Court has jurisdiction of this action under Section 301 of the LMRA, 29 U.S.C. Section 185(a) and under Sections 502 and 515 of ERISA, 29 U.S.C. Sections 1132 and 1145. This is an action for breach of a Collective Bargaining Agreement between an employer and a labor organization representing employees in an industry affecting commerce, and an action to collect delinquent employer contributions due to employee benefit plans under the terms of a Collective Bargaining Agreement and ERISA.

## Count I (Breach of Collective Bargaining Agreement and Settlement Agreement)

7. The Plaintiffs hereby incorporate by reference Paragraphs 1-6 of the Complaint as fully set herein.

8. Defendant Cherokee Enterprises entered into a Collective Bargaining Agreement with the Union establishing the terms and conditions of Cherokee Enterprises' employees in work covered by the Collective Bargaining Agreement.

9. On or around April 1, 2018 Cherokee Dewatering became a signatory contractor of the I.U.O.E. Local 478 Collective Bargaining Agreement.

10. Pursuant to the Collective Bargaining Agreement, Defendants Cherokee Enterprises and Cherokee Dewatering are required to pay to the Funds and the Union certain sums of money for each hour worked by employees of the Defendants in employment covered by the Collective Bargaining Agreement.

11. Said Agreement also binds Cherokee Enterprises and Cherokee Dewatering to the Funds' Collection Policy, which provides for interest, liquidated

3

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

damages, reasonable attorney's fees, and sheriff and court costs to be imposed with any contributions that are not timely paid.

12. On September 25, 2017, the Funds and the Union filed a Complaint against Cherokee Enterprises in the United States District Court, District of Connecticut, Case No. 3:17-cv-01597 (SRU). The Funds and Union filed the Complaint for failure to remit benefit contributions as obligated by the Collective Bargaining Agreement.

13. On or around May 25, 2018, the Funds, the Union, Cherokee Enterprises, and Michael J. Mahan executed a Settlement Agreement whereby Cherokee Enterprises agreed to pay the Funds and the Union a total of **$51,106.06** including contributions for the months of September 2016 through December 2017 in the amount of **$47,652.31,** interest in the amount of **$1,328.75,** and attorney's fees in the amount of **$2,125.00.**

14. The Settlement Agreement required Cherokee Enterprises to submit an initial lump sum payment of **$10,000.00,** followed by six (6) monthly payments of **$6,851.01**, with the first payment being due on June 1, 2018 and the final payment being due December 1, 2018.

15. The Settlement Agreement also contains terms and conditions requiring timely benefit contributions for all work covered by the Collective Bargaining Agreement that became due during the period of repayment.

16. The Settlement Agreement also included a Personal Guaranty signed by Michael J. Mahan, guaranteeing punctual payments of all sums due by Cherokee Enterprises to the Funds and Union.

17. On or around August 13, 2018, the Funds, the Union and Cherokee Enterprises filed a Stipulation of Judgment in the aforementioned case in the amount of **$60,636.52** against Cherokee Enterprises, which was granted by the Court on August 24, 2018, and included delinquent contributions for the period of September 2016 through December 2017, interest, attorney's fees, costs, and liquidated damages. The Parties agreed in the Stipulation that in the event of a default, the Plaintiffs would not enforce the Judgment on the owner, Michael J. Mahan, personally.

18. Cherokee Enterprises submitted four (4) of the seven (7) payments totaling **$30,553.03**, leaving a balance of **$20,549.25** remaining owed under the Agreement.

19. Cherokee Enterprises has defaulted on the agreement by failing to submit the final three (3) monthly payments in the combined amount of **$20,549.25.** Since Cherokee Enterprises is in breach of this Agreement, the entire balance of the judgment of **$30,083.49** is now due and owing.

20. Cherokee Enterprises and Cherokee Dewatering have additionally failed to submit reports and payments for benefit contributions for the months of June 2018 through the present.

21. Mr. Mahan, while not personally liable to the amounts remaining owed under the stipulated judgment, is personally liable pursuant to the personal guaranty executed by Mr. Mahan guaranteeing all amounts owed under the Settlement Agreement including future contributions for the unreported months set forth in Paragraph 20 of this Complaint.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE · 333 EAST RIVER DRIVE · SUITE 101 · EAST HARTFORD, CT 06108 · (860) 290-9610 · FAX (860) 290-9611 · JURIS NO. 405719

22. Cherokee Enterprises, Cherokee Dewatering and Mr. Mahan have failed to respond to correspondence from Plaintiffs' Counsel regarding payment of the Settlement Agreement and current outstanding delinquent contributions. Failure to pay the amounts owed to the Funds and the Union as described in Paragraphs 19-20 is a breach of the Settlement Agreement and Collective Bargaining Agreement.

23. Cherokee Enterprises' and Cherokee Dewatering's failure to pay timely benefit contributions as required under the Collective Bargaining Agreement is further a breach of the Collective Bargaining Agreement between Cherokee Enterprises and Cherokee Dewatering and Plaintiff I.U.O.E Local Union No. 478, respectively.

24. Pursuant to the Collective Bargaining Agreement and the Settlement Agreement and Personal Guaranty, Cherokee Enterprises and Cherokee Dewatering are liable to the Plaintiffs for the balance of the Judgment, delinquent benefit contributions, Union dues, interest on the unpaid contributions and dues, liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate, and Mr. Mahan is liable to the Plaintiffs for the delinquent benefit contributions, Union dues, interest on the unpaid contributions and dues, liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

**Count II (Delinquent Contributions under ERISA)**

25. The Plaintiffs hereby incorporate by reference Paragraphs 1-24 of the Complaint as fully set herein.

ROBERT M. CHEVERIE & ASSOCIATES, P.C.
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

26. Cherokee Enterprises' and Cherokee Dewatering's failure to pay the amounts owed to the Funds and the Union are violations of ERISA 29 U.S. Code § 1145 requiring contributions to be made to multiemployer plans under the terms of a Collective Bargaining Agreement.

27. Pursuant to 29 U.S.C. 1132(g) (2) and the Collective Bargaining Agreement, Cherokee Enterprises and Cherokee Dewatering are liable to the Plaintiffs for all unpaid delinquent Funds contributions, Union Dues, interest on the unpaid contributions and dues, liquidated damages provided for in the Plan, reasonable attorney's fees, costs of this action, and such other legal and equitable relief as the Court deems appropriate.

**COUNT III (Alter ego and/or single employer and/or double breasted relationship)**

28. Plaintiffs hereby incorporate by reference Paragraphs 1-27 of the Complaint as fully set forth herein.

29. Upon information and belief, Cherokee Enterprises shares an alter ego and/or single employer and/or double breasted relationship with Cherokee Dewatering. This relationship is based upon their common management, centralized control of labor relations and common ownership, and common address of business.

30. Based upon the alter ego and/or single employer and/or double breasted relationship that exists between Cherokee Dewatering and Cherokee Enterprises, and alternatively, based upon Cherokee Dewatering's status as a successor company to Cherokee Enterprises, Cherokee Dewatering is liable for the debts of Cherokee Enterprises and is thus liable for contributions to the Funds under the terms of the CBA

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

including all liabilities under the former unpaid settlement agreement and judgment as well as all liabilities for subsequent unpaid benefit contributions.

WHEREFORE, Plaintiff Funds pray for judgment as follows:

    A.    Ordering Defendants Cherokee Enterprises and Cherokee Dewatering to make payment on the balance of the Judgment in the amount of **$30,083.49**; and

    B.    Ordering Defendants Cherokee Enterprises, Cherokee Dewatering, and Michael J. Mahan to submit reports and any unpaid contributions from the period of June 2018 until the issuance of a judgment; and

    C.    Ordering Defendants Cherokee Enterprises, Cherokee Dewatering, and Michael J. Mahan be required to pay liquidated damages and interest on the amount of delinquent contributions due outside of the judgment accrued from the date of the delinquency until the date of payments for any contributions that are due, become due, or are otherwise discovered during the pendency of the Complaint until the issuance of a Judgment.

    D.    Ordering Defendants Cherokee Enterprises, Cherokee Dewatering, and Michael J. Mahan be required to pay the reasonable attorney fees and costs incurred by the Plaintiffs in connection with this litigation.

    E.    For such further relief as the Court may deem appropriate.

**DATED** at East Hartford, Connecticut, this 2nd day of October 2019.

    Respectfully submitted,

    /s/ Gregory S. Campora
    Gregory S. Campora, Esq.
    ROBERT M. CHEVERIE &
    ASSOCIATES, P.C.
    Commerce Center One
    333 East River Drive, Suite 101
    East Hartford, CT 06108-4206
    Tele. No.: (860) 290-9610
    Fed. Bar # ct23775
    ATTORNEY FOR PLAINTIFFS

8

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Complaint has been served by certified mail, as required by Section 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132(h), this 2nd day of October 2019, on the following:

Secretary of the Treasury
INTERNAL REVENUE SERVICE
P.O. Box 13163
Baltimore, MD 21203
Attn:   **Employee Plans**

Secretary of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210
Attn:   **Assistant Solicitor for Plan**
        **Benefits Security**

/s/ Gregory S. Campora
Gregory S. Campora, Esq.

**ROBERT M. CHEVERIE & ASSOCIATES, P.C.**
COMMERCE CENTER ONE • 333 EAST RIVER DRIVE • SUITE 101 • EAST HARTFORD, CT 06108 • (860) 290-9610 • FAX (860) 290-9611 • JURIS NO. 405719